UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

THERESA TRANTHAM,

Defendant.
_______________________ /

Case No. 25-20007

F. Kay Behm
United States District Judge

OPINION AND ORDER GRANTING PETITION FOR EARLY TERMINATION OF PROBATION (ECF No. 37)

In 2025, the court sentenced Trantham to two years of probation for a violation of 18 U.S.C. § 666(a)(1)(A). (ECF No. 36). Defendant moves for early termination of probation, which is governed by 18 U.S.C. § 3564(c). (ECF No. 37). Defendant's petition indicates that she has successfully completed one year of probation, has been in full compliance with all conditions, has demonstrated stability in treatment, and has paid the restitution of $25,743 in full. Id. The government does not oppose the petition and Trantham's probation officer supports her petition. The probation officer, in an email to the court, indicated he had "zero issues" with Defendant while she has been

on probation, that she is considered “low risk,” and that she is a “good candidate for early termination.”

Courts may “terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.” United States v. Nuriso, No. 2:20-CR-35(1), 2025 WL 3751089, at *1 (S.D. Ohio Dec. 29, 2025) (quoting 18 U.S.C. § 3564(c)). Here, Defendant has served over one year of her probationary sentence. Courts must consider the “applicable” section 3553(a) factors. Id.; United States v. Wilkinson, 2022 WL 1626575, at *1 (W.D. Ky. May 23, 2022). The section 3553(a) factors that may be applicable include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and

(8) the need to provide restitution. 18 U.S.C. § 3553(a)(1); (a)(2)(B)– (D); (a)(4)–(7). See United States v. Ramadan, 2026 WL 45081, at *3 (E.D. Mich. Jan. 7, 2026) (citing United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient.") (quotation marks omitted)).

None of the § 3553(a) factors weigh against early termination of probation, and Trantham's record while on probation shows exceptionally good behavior. The court also finds, with the strong support of Trantham's probation officer, no further deterrent effect is warranted by continuing probation. Accordingly, the court concludes no purpose under the § 3553(a) factors would be served by denying Trantham's motion for early termination, and the evidence well supports early termination. See e.g., United States v. Petaway, 2021 WL 2324678, at *1 (N.D. Ohio June 3, 2021). Thus, early termination of Trantham's probation is warranted, her petition is GRANTED, and her term of probation is TERMINATED.

SO ORDERED.

Date: August 14, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge